JUDGE HELLERSTEIN

14 CV 6554

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                       :
                                                             :
APPLICATION PURSUANT TO 28 U.S.C. §                          :
2241(C)(5) OF SHEILA M. GOWAN, POST-                         : Case No. _____
CONFIRMATION PLAN ADMINISTRATOR                              :
FOR DREIER LLP, FOR WRIT OF HABEAS                           :
CORPUS *AD TESTIFICANDUM* FOR THE                            :
PRODUCTION OF MARC S. DREIER.                                :
------------------------------------------------------------X

**MEMORANDUM OF SHEILA M. GOWAN, POST-CONFIRMATION
PLAN ADMINISTRATOR FOR DREIER LLP, IN SUPPORT
OF PETITION FOR WRIT OF HABEAS CORPUS *AD TESTIFICANDUM***

RECEIVED AUG 15 2014 U.S.D.C. S.D.N.Y. CASHIERS

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 2

    A.    MSD's Criminal Proceeding and the Bankruptcy Case ......................................... 2

    B.    The Adversary Proceeding .................................................................................... 4

ARGUMENT ................................................................................................................................. 6

    A.    MSD's Testimony Will Substantially Further the Case ........................................ 7

    B.    MSD's Transport and Safekeeping Will Present Minimal Security Risks ............ 9

    C.    The Adversary Proceeding Cannot Be Stayed Until MSD's Release .................... 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Atkins v. City of N.Y.*,
 856 F. Supp. 755 (E.D.N.Y. 1994) .................................................................. 6,7,8,9,10

*In re Dreier LLP*,
 429 B.R. 112 (Bankr. S.D.N.Y. 2010) ........................................................................ 2

*Thomas v. O'Brien*,
 No. 5:08-CV-0318 (DEP), 2011 WL 5452012 (N.D.N.Y. Nov. 8, 2011) .................. 7

**STATUTES**

28 U.S.C. § 1651(a) ............................................................................................................ 6

28 U.S.C. § 2241(c)(5) ....................................................................................................... 6

Sheila M. Gowan (the "Plan Administrator"), post-confirmation Plan Administrator for Dreier LLP ("DLLP" or the "Debtor"),[1] by her counsel, respectfully submits her memorandum of law in support of her Petition for Writ of Habeas Corpus *Ad Testificandum* (the "Petition") for the production of Marc S. Dreier (Register #70595-054), currently incarcerated in Federal Correctional Institution ("FCI") Sandstone in Sandstone, Minnesota, to testify and be examined, commencing on October 27, 2014 at 10:00 a.m., at the trial of the adversary proceeding captioned *Gowan v. Westford, et al.*, Adv. Proc. No. 10-05447 (SMB) (the "Adversary Proceeding"), currently pending before the United States Bankruptcy Court for the Southern District of New York in connection with the Chapter 11 case captioned *In re Dreier LLP*, Case No. 08-15051 (SMB).

## PRELIMINARY STATEMENT

The Adversary Proceeding, which is scheduled to go to trial on October 27 of this year, is part of the Plan Administrator's effort to recover fraudulent transfers for the ultimate benefit of DLLP's creditors. Marc S. Dreier ("MSD"), who is currently serving a twenty-year prison sentence at FCI Sandstone for operating a criminally fraudulent scheme to sell phony notes (the "Note Fraud Scheme"), is a critical witness in the Plan Administrator's action to recover over $137 million in avoidable transfers received by Westford (defined herein) in connection with the scheme. Specifically, MSD's testimony is critical to resolution of the central matters at issue in the Adversary Proceeding: whether MSD's Note Fraud Scheme was a Ponzi scheme, when the

---

[1] Pursuant to the terms of the Amended Plan of Liquidation of Dreier LLP Jointly Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"), confirmed by the United States Bankruptcy Court for the Southern District of New York on April 29, 2014, Sheila M. Gowan, as Plan Administrator, succeeded to the rights and obligations of the Chapter 11 Trustee upon the occurrence of the Plan's effective date on May 13, 2014. Gowan Decl., ¶ 14. Accordingly, in this Memorandum, Ms. Gowan is referred to as the "Trustee" when referring to periods before the Plan's effective date and as the "Plan Administrator" for periods thereafter.

1

Ponzi scheme was in effect, whether the avoidable transfers were made pursuant to the Ponzi scheme, and whether his law firm, DLLP, of which MSD was the sole equity partner and whose bank account he used to effectuate his fraud, was insolvent at the time of the avoidable transfers. MSD is the person with the most complete contemporaneous knowledge of the actual financial condition of DLLP as well as the operation of the Note Fraud Scheme. His testimony will substantially further the case while posing minimal security risks. The Plan Administrator's Petition, therefore, should be granted.

## STATEMENT OF FACTS

### A. MSD's Criminal Proceeding and the Bankruptcy Case

Prior to his arrest on December 7, 2008 on federal criminal charges arising from the operation of the Note Fraud Scheme, MSD was the sole equity partner of DLLP, a New York City-based law firm. *See In re Dreier LLP*, 429 B.R. 112, 117-18 (Bankr. S.D.N.Y. 2010); Memorandum Decision Denying Motions for Partial Summary Judgment ("Memorandum Decision") at 4 [Adv. Proc. DN-105]; Declaration of Sheila M. Gowan, Post-Confirmation Plan Administrator for Dreier LLP, in Support of Petition for Writ of Habeas Corpus *Ad Testificandum* ("Gowan Decl."), ¶ 6. As part of the Note Fraud Scheme, MSD solicited third parties ("Investors") to purchase promissory notes, most of which were supposedly issued by Solow Realty & Development Company, LLC ("Solow") but with which Solow was completely uninvolved. *Id.* As part of the Note Fraud Scheme, MSD induced third parties to pay for the fraudulent notes by depositing funds into a particular DLLP bank account at JPMorgan Chase (the "5966 Account"). *Id.* When supposed payments of "fees," "interest" or "principal" on the fraudulent notes came due, MSD typically caused DLLP to transfer funds from the 5966 Account to the purchasers of the fraudulent notes. *Id.*

2

The day after MSD's arrest, on December 8, 2008, Mark F. Pomerantz (the "Receiver") was appointed receiver of the assets of MSD, DLLP, and certain other MSD entities in connection with *SEC v. Dreier*, Case No. 08-civ-10617 (MGC) (S.D.N.Y.). Gowan Decl., ¶ 3. On December 16, 2008, the Receiver, on behalf of DLLP, commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York, Bankruptcy Judge Stuart M. Bernstein presiding (the "Bankruptcy Court"). *Id.*, ¶ 4. Following MSD's arrest, the Receiver operated the Debtor's business and managed the Debtor's assets pending appointment of a chapter 11 trustee. *Id.* Sheila M. Gowan, the petitioner herein, was appointed by the United States Trustee for the Southern District of New York as the Trustee for the Chapter 11 estate of DLLP on December 30, 2008, which appointment was approved by the Bankruptcy Court on January 9, 2009. *Id.*, ¶ 5.

On March 17, 2009, the United States filed an eight count superseding indictment against MSD in the United States District Court for the Southern District of New York charging MSD with conspiracy, securities fraud, wire fraud, and money laundering. Memorandum Decision at 4-5. The Indictment alleged that MSD falsely represented to various hedge funds and investment funds that he had authority to sell promissory notes issued by Solow and that he used the proceeds of the sale of these notes to, among other things, fund his law firm, finance his lifestyle and pay interest and principal back to previous purchasers of notes. *Id.* at 5 (citing Indictment, ¶¶ 5, 16).

On May 11, 2009, MSD pled guilty to each count in the Indictment. During his allocution, he admitted to engaging in a scheme to issue and sell fictitious promissory notes to investors beginning in or about 2004 and to transferring the proceeds of the fraud into various

DLLP bank accounts with the intent to carry out additional fraudulent acts. *Id.* (citing Allocution at 14-16). On July 17, 2009, the Court sentenced MSD to a 20 year period of incarceration. *Id.* at 5-6; Gowan Decl., ¶ 7. MSD is currently incarcerated in FCI Sandstone in Sandstone, Minnesota. Gowan Decl., ¶ 7.

### B. The Adversary Proceeding

Shortly after the Bankruptcy Court's approval of her appointment, the Trustee began investigating potential fraudulent transfer actions against participants in MSD's Note Fraud Scheme. *Id.*, ¶ 8. On December 15, 2010, the Trustee commenced the Adversary Proceeding by filing her Complaint [Adv. Proc. DN-1] against Westford Asset Management LLC, SGS Asset Management, Stafford Towne, Ltd., Bennington International Holdings Ltd., Westford Special Situations Master Fund L.P., Adams International Trading, Ltd., Carston Spires, Ltd., Westford Global Asset Management Ltd., Epsilon Global Master Fund, LP, Epsilon Global Master Fund II, LP, Westford Special Situations Fund, Ltd., and Epsilon Distressed Strategies Master Fund, LP (collectively, the "Original Defendants"). *Id.*, ¶ 9. On April 7, 2011, the Trustee filed her First Amended Complaint [Adv. Proc. DN-14] against the Original Defendants and Steve Stevanovich (collectively, "Westford"). Stafford Towne, Ltd., Bennington International Holdings Ltd., Adams International Trading, Ltd., Carston Spires, Ltd., Westford Special Situations Fund, Ltd., and Steve Stevanovich were dismissed as defendants by agreed stipulation filed with the Bankruptcy Court on April 16, 2013 [Adv. Proc. DN-97].

Westford transferred $115,000,000 to DLLP pursuant to MSD's Note Fraud Scheme and received avoidable transfers totaling at least $138,854,111 (the "Avoidable Transfers") pursuant to the Note Fraud Scheme. *See* Gowan Decl., ¶ 10. Through the Adversary Proceeding, the Trustee seeks to recover, for the benefit of the DLLP Chapter 11 estate, all of the Avoidable Transfers as actual or constructive fraudulent transfers under 11 U.S.C. § 548, 544 and 550 and

4

N.Y. Debt. & Cred. §§ 273, 274, 275, 276, 276-a, 278, and 279. Amended Complaint, ¶¶ 75-117. The Trustee also seeks to equitably subordinate any unsecured claim Westford may have against the DLLP Chapter 11 estate under 11 U.S.C. § 510(c). *Id.*, ¶¶ 118-120.

On December 22, 2012, the Trustee filed her motion for partial summary judgment ("SJ Motion"), seeking judgment in her favor as to those Avoidable Transfers that constitute the amounts paid to Westford beyond the amount invested by Westford in connection with the Note Fraud Scheme [Adv. Proc. DN-60]. Gowan Decl., ¶ 12. On January 3, 2014, the Bankruptcy Court denied the Trustee's SJ Motion. *See* Memorandum Decision. *See also* Gowan Decl., ¶ 13. On the record presented, the Bankruptcy Court ruled that the Trustee had not proven as a matter of law that MSD's Note Fraud Scheme was a Ponzi scheme. Memorandum Decision at 3; Gowan Decl., ¶ 13. The Bankruptcy Court examined the evidence presented by the Trustee in connection with the SJ Motion, including the Indictment, Allocution, Judgment of Conviction and correspondence submitted to the Bankruptcy Court in connection with MSD's criminal sentencing, as well as various banking and other records, and ruled that the admissible evidence was insufficient to prove as a matter of law that MSD was engaged in a general scheme to pay off earlier investors with new investor money. Memorandum Decision at 21-30. Thus, the Bankruptcy Court concluded that, while the Trustee had established that MSD operated the Note Fraud Scheme, she had not established as a matter of law that MSD ran a Ponzi scheme. *Id.*

Trial in the Adversary Proceeding is scheduled to commence on October 27, 2014. Second Amended Pretrial Scheduling Order, ¶ 4 [Adv. Proc. DN-111]; Gowan Decl., ¶ 15. Among the critical issues at trial are: (i) whether MSD's Note Fraud Scheme was a Ponzi scheme, (ii) if it was a Ponzi scheme, when the Ponzi scheme was in effect, and (iii) whether the Avoidable Transfers were made pursuant to the Ponzi scheme. Gowan Decl., ¶ 15; Pretrial

Scheduling Order, ¶ 3 [Adv. Proc. DN-108]. Additionally, because the Trustee has asserted claims for constructive fraudulent transfer, whether DLLP was insolvent at the time of the Avoidable Transfers is also a material issue to be tried. Gowan Decl., ¶ 15.

Because MSD's testimony is critical to these material issues, on July 11, 2014, the Plan Administrator filed her Motion for Writ of Habeas Corpus *Ad Testificandum* with the Bankruptcy Court seeking the production of MSD to testify and be examined at the trial of the Adversary Proceeding [Adv. Proc. DN-112]. On July 31, 2014, the Bankruptcy Court issued its Memorandum Decision and Order Denying Plaintiff's Motion for Writ of Habeas Corpus *Ad Testificandum* [Adv. Proc. DN-114]. The Bankruptcy Court denied the Plan Administrator's motion without prejudice to apply for the writ in the District Court on the ground that the Bankruptcy Court lacked statutory authority under 28 U.S.C. § 2241(a) to issue writs of habeas corpus *ad testificandum.*

## ARGUMENT

Custodians of a prisoner in federal custody may be compelled to produce the prisoner for appearance in court to give testimony and to be examined in a civil proceeding pending before the court through the issuance of a writ of habeas corpus *ad testificandum*. *Atkins v. City of N.Y.*, 856 F. Supp. 755, 757 (E.D.N.Y. 1994). The federal habeas statute, 28 U.S.C. § 2241(c)(5), together with the All Writs Act, 28 U.S.C. § 1651(a), authorize federal courts to issue a writ of habeas corpus *ad testificandum* to direct the appearance of a prisoner to testify in a matter pending before the court. *See* 28 U.S.C. § 2241(c)(5)("The writ of habeas corpus shall not extend to a prisoner unless…It is necessary to bring him into court to testify or for trial.") and 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the

usages and principles of law.") *See also Thomas v. O'Brien*, No. 5:08-CV-0318 (DEP), 2011 WL 5452012, at *3 (N.D.N.Y. Nov. 8, 2011); *Atkins*, 856 F. Supp. at 757.[2]

The decision to issue a writ is within the sound discretion of the Court based on the following factors: "[1] whether the prisoner's presence will substantially further resolution of the case, [2] the security risks presented by the prisoner's transportation and safekeeping, and [3] whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Atkins*, 856 F. Supp. at 757 (internal citations omitted). The writ of habeas corpus *ad testificandum* for the production of MSD at trial should issue because MSD's testimony is critical to resolution of material issues in the case, and the probative value of his testimony outweighs any burdens that his presence at trial may present.

A.   **MSD's Testimony Will Substantially Further the Case**

The Plan Administrator seeks recovery of the Avoidable Transfers under both actual and constructive fraudulent transfer theories. Gowan Decl., ¶ 11. The issues of whether MSD's Note Fraud Scheme was a Ponzi scheme, when the scheme was in effect, and whether the Avoidable Transfers were made pursuant to the Ponzi scheme, as well as whether DLLP was insolvent at the time of the Avoidable Transfers, are central issues in this case. *Id.* at ¶ 15. *See also* Memorandum Decision at 3.

After considering the documentary evidence presented by the Plan Administrator in connection with her SJ Motion, the Bankruptcy Court ruled that such evidence was insufficient to prove as a matter of law that new investors in the Note Fraud Scheme were paid with old

---

[2]   This Court has jurisdiction to order the production of MSD notwithstanding that MSD is in federal custody within another judicial district. *See Atkins*, 856 F. Supp. at 758 (noting that the prevailing view of the appellate courts favors the extraterritorial application of a writ of habeas corpus *ad testificandum* and ordering issuance of a writ to compel production of a prisoner held in a New Jersey state correctional facility for testimony before the United States District Court for the Eastern District of New York).

investor money. *Id.* at 21-31. Thus, testimony by MSD, a witness with full knowledge of his operation of the Note Fraud Scheme, is critical to establishing that this fraud was a Ponzi scheme. Gowan Decl., ¶ 16.

MSD was the architect and master of the Note Fraud Scheme. *Id.*, ¶ 16. It was MSD who initiated the fraudulent note sales, who controlled the 5966 Account, and who determined which Investor would be paid and with what funds. *Id.* MSD has previously stated in various proceedings that he ran a Ponzi scheme and that he paid old investors with new investor funds. *Id.* at ¶ 17. *See also* Memorandum Decision at 26-27 (discussing MSD's letter submitted in connection with his sentencing and a deposition in another case); MSD's Memorandum in Aid of Sentencing, Exhibit C (Letter from Marc S. Dreier, dated July 7, 2009) ("Sentencing Letter"), *United States v. Dreier*, No. 1:09-cr-00085 (JSR) (S.D.N.Y. July 8, 2009) at 2 and 3 ("…I found myself running a massive Ponzi scheme….[w]hen I was no longer able to pay off old 'loans' to the real estate developer by creating new ones, I placed a few other fictitious loans, in much the same manner, by using instead as the purported borrower a Toronto pension fund that I had once represented."). MSD's testimony in this case is expected to be consistent with his prior statements and thus to be probative of one of the key issues at trial. Gowan Decl., ¶ 17. In light of the Bankruptcy Court's summary judgment decision, MSD's testimony very well may be necessary to establish that MSD's scheme was a Ponzi scheme. *Id. See also Atkins*, 856 F. Supp. at 758 (granting motion for writ to produce prisoner for testimony where his testimony was not merely relevant, but necessary).

In addition, because MSD was the sole equity partner of DLLP, controlled DLLP's finances and was the only person with full contemporaneous knowledge of the true financial

condition of DLLP, his testimony is also important to establish whether DLLP was insolvent at the time of the Avoidable Transfers. Gowan Decl., ¶ 18.

B.  **MSD's Transport and Safekeeping Will Present Minimal Security Risks**

MSD was convicted of non-violent financial crimes and has publicly accepted full responsibility for his crimes. Gowan Decl., ¶ 19. *See also* Sentencing Letter at 1 ("My crimes are inexcusable. I expect and deserve a significant prison sentence.") Thus, transporting MSD for his testimony will pose minimal security risks. *See Atkins*, 856 F. Supp. at 757 (focusing on whether prisoner's attendance at trial would substantially further resolution of the case because the prisoner was subject to a lengthy incarceration and he had not committed an offense involving physical violence). Further, the United States Bankruptcy Court for the Southern District of New York is located in a secure courthouse facility and routinely handles matters involving heightened media and public attention. Thus, while MSD's attendance at trial may, more than other prisoners, require special considerations, the Bankruptcy Court is well-equipped to address these considerations.

Given that MSD's testimony will substantially further, and indeed may be critical to, resolution of the Adversary Proceeding, the probative value of MSD's testimony outweighs the expense and security risk associated with transporting MSD to court. *See also Atkins*, 856 F. Supp. at 758 (the determination of whether a prisoner should be produced "depends ultimately on whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate to court from a correctional facility."). The Court, therefore, should order that the writ be issued.

C.  **The Adversary Proceeding Cannot Be Stayed Until MSD's Release**

MSD was sentenced in 2009 to 20 years in prison. Gowan Decl., ¶ 7. Given that MSD has now served less than 5 years of his 20-year sentence, the Adversary Proceeding cannot be

9

stayed until his release. *See Atkins*, 856 F. Supp. at 757 (the possibility of a stay is not a practicable factor when the witness will be incarcerated until at least two years after the date of the motion for the writ).

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A** to the Petition, (i) granting the Petition and ordering issuance of the writ of habeas corpus *ad testificandum*, attached to the order as **Exhibit 1**, for the production of Marc S. Dreier (Register #70595-054) to testify and be examined at the trial of the Adversary Proceeding; and (ii) granting such other and further relief as may be just.

Dated: August 15, 2014　　　　　　　　　Respectfully submitted,
New York, New York

　　　　　　　　　　　　　　　　　　　　DICKSTEIN SHAPIRO LLP

　　　　　　　　　　　　　　　　　　　　_/s/ Eric B. Fisher_
　　　　　　　　　　　　　　　　　　　　Eric B. Fisher
　　　　　　　　　　　　　　　　　　　　1633 Broadway
　　　　　　　　　　　　　　　　　　　　New York, NY 10019-6708
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 277-6500
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 227-6501

　　　　　　　　　　　　　　　　　　　　*Attorney for Petitioner Sheila M. Gowan, Post-Confirmation Plan Administrator*