RECEIVED SEP 16 2014 ALVIN ... STEIN U.S.D.J.

MARC S. DREIER
#70595-054, K-3
FCI Sandstone
P.O. Box 1000
Sandstone, MN 55072

*App'n denied. I granted pet'r Gowan's motion, and issued the writ on Sep. 19, 2014. No sufficient ground for reconsideration has been shown.*

*9-23-14*
*[signature]*

September 15, 2014

VIA FACSIMILE
Honorable Alvin K. Hellerstein
United States District Court Judge
Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

14 CIV. 6554 (AKH)

Dear Judge Hellerstein:

    I was informed last Tuesday by Sheila Gowan, in her capacity as trustee for Dreier LLP, that she has filed a petition with this Court to compel my attendance and testimony at an adversary proceeding presently scheduled to go to trial in the last week of October before United States Bankruptcy Court Judge Bernstein. I have not received any papers in this regard and do not know the present status of the petition, but, for the reason set forth below, I am writing to ask the Court to deny this relief (or, if necessary, vacate any order that may have already issued granting this relief).

    Since my arrest in 2008, I have always been entirely cooperative with Ms. Gowan's efforts to administer the law firm's estate. Though I've had no obligation to do so, I have met and spoken with her numerous times, for probably more than 100 hours, to answer any questions she has had. I was also entirely receptive to her deposing me in this matter, not only to aid in discovery but to avoid any need for my being present at any trial. I was in fact deposed here at Sandstone by the trustee for my personal estate and was prepared to do the same in this matter.

    Ms. Gowan, however, did not depose me. In his decision denying Ms. Gowan summary judgment on this matter, Judge Bernstein noted Ms. Gowan's representation to the Court that in attempting to depose me she became "frustrated dealing with the prison officials and/or [Marc]." See In re Dreier LLP, 2014 Bankr. LEXIS 11 at n.12 (Jan. 2, 2014). However, I do not believe that was the case. It is my recollection that she scheduled but canceled the deposition several times. She was then advised of my unavailability only on the last occasion that she rescheduled, when the date appeared to conflict with a visiting day. A new date could still have been arranged, but I do not believe she pursued that.

    In any event, it is apparent that there still remain viable, less expensive and less burdensome alternatives to compelling my presence in New York. I have not seen Ms. Gowan's application for the writ and do not know if she has sought permission from Judge Bernstein to still take my deposition prior to trial, but I imagine that might still be possible. Likewise, I do not know if she has sought permission to take my testimony during trial, either telephonically or by videoconference, but I do know that that is a common practice here for inmates who are needed to give trial testimony. That obviates the expense and security concerns entailed by transporting the inmate to a distant trial location.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/14

The Second Circuit has expressly observed that such alternatives are highly preferable and should be chosen when feasible. Rivera v. Santirocco, 814 F.2d 859 (2d Cir. 1987)("As compliance with writs of habeas corpus ad testificandum may be very costly, the district courts should consider alternatives to reduce the burdens compliance imposes, including: using a prisoner's deposition in place of his trial testimony...and, in some cases, taking the testimony at the prison...").

Various courts within the Circuit have followed Rivera and denied petitions seeking a prisoner's transportation to the courtroom for live testimony when such viable alternatives for taking his testimony are available. E.g., SEC v. Bernard Madoff Investment Securities, LLC, 496 B.R.713 (Bankr. S.D.N.Y. 2013)(Liffand, J.)(denying writ of habeas corpus ad testificandum for trial testimony of inmate debtor, citing "significant cost and security considerations associated with transporting and housing [inmate]"); United States v. Mandel, 857 F.Supp.253 (E.D.N.Y. 1994)(denying writ seeking physical attendance of prisoner at trial but allowing testimony remotely from correctional facility by video or phone); Thomas v. O'Brien, 2011 U.S. Dist. LEXIS 129166 (N.D.N.Y. 2011)(denying writ seeking live attendance of prisoner, citing expense and security concerns and ruling that videoconferencing should suffice, even in the case of a jury trial). The Court in Thomas observed that the use of video conferencing technology to permit trial testimony remotely by a prisoner "is not only a potential alternative falling within the scope of those suggested by the Second Circuit in Rivera but appears to present an option which has been and continues to gain growing acceptance((citations omitted))".

Such alternatives to my physical attendance in the courtroom seem especially appropriate where, as here, (i) I am being called to testify in a civil, rather than criminal, trial; (ii) the matter is (presumably) being heard without a jury; and (iii) I am being asked to testify on a very narrow and seemingly uncontestable point, i.e., whether I engaged in a Ponzi scheme, a fact I have already conceded in open court.

Furthermore, there is considerable doubt that this Court has jurisdiction over Ms. Gowan's petition. While I have not seen the legal authority she cites in support of her petition, it does not appear that the Second Circuit has ever recognized the authority of the district courts to issue an extra-territorial writ of habeas corpus ad testificandum. Thus, in denying such a writ in respect of an inmate of Illinois, in Adan v. Abbott, 1986 U.S. Dist. LEXIS 26935 (S.D.N.Y. 1986), Judge Sweet observed that "there is no precedent within this circuit for such broad exercise of jurisdiction"). That observation was updated in Mills v. Fenger, 2008 U.S. Dist. LEXIS 44061 (W.D.N.Y. 2008), where the Court, in denying the writ in regard to a federal prisoner in Florida, expressly found no Second Circuit authority on the extraterritorial scope of the writ and held that "the proper way to obtain the writ...is to apply to the United States District Court for the Northern District of Florida, where the custodian of the [prisoner] resides."

Thus, I find no case in the Southern District were an extraterritorial writ of habeas corpus ad testificandum has been granted. I find only one case where any district court in this circuit has granted such a writ, but there, unlike here, (i) the prisoner was transported only a short distance, from New Jersey to New York; (ii) the transfer was to be completed within 48 hours for a trial ready to commence within 72 hours; (iii) it was a jury trial; (iv) the petition was sought not by a plaintiff but rather by a defendant, who the court found was entitled to more deference in order to defend himself; and (v) perhaps most importantly the party seeking the

writ was bearing the expense of transporting the prisoner. <u>See, Atkins v. City of New York</u>, 856 F.Supp. 755 (E.D.N.Y. 1994). This case is clearly very different. Indeed, in this case the Court would not even be exercising jurisdiction to bring the prisoner before this Court but rather a different court, <u>i.e.</u>, the Bankruptcy Court. I find no such authority whatsoever for such an extraordinary exercise of extraterritorial habeas jurisdiction.

Finally, while I do not expect the parties or the Court to be especially sympathetic to my own hardship, I point out that if I am compelled to be in New York I face an ordeal that entails several weeks of travel in each direction, handcuffed and shackled the whole time, with layovers in county courts and a stay of indefinite duration in the MCC, both before and after my court appearance, all of which is likely to take several if not many months. During this time I would have very limited communication with my family. All of that could be avoided with a deposition or trial testimony by either telephone or videoconference.

For these reasons, I respectfully request that Your Honor deny Ms. Gowan's petition (or, if necessary, vacate any writ that may have already been issued), subject to my agreeing to be deposed and/or giving live trial testimony either telephonically or by videoconference. I proposed that to Ms. Gowan last Wednesday but have not had a response.

Respectfully,

Marc S. Dreier

cc. Hon. Stuart M. Bernstein
    Sheila Gowan

Judge wrote:

"Application denied. I granted petitioner Gowan's motion, and issued the write, on September 10, 2014. No sufficient ground for reconsideration has been shown.

9-23-14
Alvin K. Hellerstein"